No. 738 August 5, 2026 47

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT LEROY MADRID,
*Defendant-Appellant.*

Washington County Circuit Court
24CR40752; A187095

Brandon M. Thompson, Judge.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Ariel Ashtamker, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Reversed and remanded.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for unauthorized use of a vehicle following a bench trial. On appeal, defendant contends that the trial court erred when it denied his motion to suppress evidence. He argues that he was arrested when police officers conducted a high-risk stop and that those police officers lacked probable cause to arrest him for unlawful use of a vehicle. The state concedes that the trial court erred in denying the motion. We reverse and remand.

Defendant was sleeping in a vehicle that had been reported stolen when police officers approached, ordered him out of the vehicle and onto the ground at gunpoint, and handcuffed him. He argues on appeal that the trial court erroneously concluded that the officers detained but did not arrest him. The state concedes that, under the circumstances, the officers arrested defendant. *See State v. Madden*, 315 Or App 787, 792, 502 P3d 746 (2021) ("Handcuffing a suspect is generally, though not always, a restraint that exceeds the scope of a stop.").

Defendant argues further that the officers lacked probable cause that defendant committed the crime of unlawful use of a vehicle based on the facts known to the officers at the time of the arrest—a dispatch report that a stolen vehicle containing a tracking device was parked at a Costco and seeing defendant asleep in the vehicle at that location upon their arrival around 9:00 a.m. The state concedes that, under *State v. Huerta-Contreras*, 336 Or App 251, 560 P3d 728 (2024), *rev allowed*, 373 Or 736 (2025), the police officers lacked probable cause to arrest defendant for unlawful use of a vehicle, although the state maintains that *Huerta-Contreras*, which is currently on review in the Oregon Supreme Court, was wrongly decided.

We agree with and accept the state's concessions and conclude that the trial court erred in denying defendant's motion to suppress. Accordingly, we reverse defendant's conviction and remand to the trial court for further proceedings.

Reversed and remanded.